WILLIAM PAUL ET AL., v. EDWARD HAZLETON.

1. Fishing for oysters in the navigable waters of this state, is a right common to all its citizens, which may be exercised by them at will, except so far as it is restrained by positive law.

2. The legislature may grant the right to plant oysters in the bed of navigable streams to one citizen to the exclusion of others.

3. Section 1 of the supplement to the oyster law, approved March 9th, 1855, (*Nix. Dig.* 134, *pl.* 26,) gives such exclusive right to the adjacent land owner, when he stakes it off in good faith for planting. But it is a mere license to the land owner, subject to revocation.

4. The action of trespass will lie for an invasion of this right.

---

In trespass. On case certified from the Ocean Circuit for the advisory opinion of the Supreme Court.

Argued at February Term, 1874, before BEASLEY, Chief Justice, and Justices SCUDDER, VAN SYCKEL and WOODHULL.

For the plaintiffs, *W. H. Vredenburgh* and *C. Parker.*

For the defendant, *McLean* and *Browning.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The plaintiffs are the owners of certain meadows on either side of Log Creek pond, in the county of Ocean.

Log Creek pond is a public navigable water, where the tide ebbs and flows, but it leads to no public landing. The plaintiffs planted stakes in the bed of the stream where it was about eight chains wide, thus marking about twenty acres of land under water, where there were no natural oysters, for the purpose of planting it with oysters. On the next day the defendant entered and planted oysters within the range of the stakes, before the plaintiffs had planted it, and afterwards gathered the oysters for his own use. This is the trespass laid in the declaration.

It must be considered as settled law in this state—

1st. That the title to the bed of navigable streams is absolute in the state ; and

2d. That fishing for oysters in the navigable waters of this state is a right common to all its citizens, which may be exercised by them at will, except so far as it is restrained by positive law. *Arnold* v. *Mundy*, 1 *Halst.* 1 ; *Gough* v. *Bell*, 1 *Zab.* 157 ; *S. C.*, 2 *Zab.* 441 ; *Stevens* v. *Paterson and Newark R. R. Co.*, 5 *Vroom* 532.

In Gough *v.* Bell, Chief Justice Green did not assent to the declaration in Arnold *v.* Mundy, that the legislature could not by grant limit common rights or appropriate lands covered by water to individual enjoyment, to the exclusion of the public common rights of navigation or fishery, and his view has been accepted as the law of this court in Stevens *v.* The Paterson and Newark Railroad Company.

The right of fishing for oysters in navigable waters is common to all the citizens of the state, in the absence of any exclusive grant or license to the individual.

Section 1 of the supplement to the oyster law, approved March 9th, 1855, (*Nix. Dig.* 134, *pl.* 26,) provides, "That it shall be lawful for any person or persons, owning marsh or meadow lands in this state, within the boundaries of which there shall be creeks, ditches or ponds, wherein clams and oysters do or will grow, to lay or plant clams and oysters therein, for the use and benefit of such owners, and for the preservation of which he is to properly stake off such clam and oyster ground, so as not to interfere with the passing and repassing of vessels, but sufficient to designate where the same is planted." This section gives to the plaintiffs, within whose boundaries the *locus in quo* is, the right to plant it with oysters for their own use, and is therefore necessarily exclusive. It is, however, a mere license from the state to the adjacent land owner, subject at any time to revocation.

When, therefore, the plaintiffs under this license, in good faith, staked off their bed for the purpose of planting it, they acquired an exclusive right to the possession of it, so that its

invasion by the defendant was such an unlawful interference with the plaintiffs' right as will support an action.

The action of trespass *quare clausum fregit* will lie, however temporary the plaintiff's interest in the soil, if it be in exclusion of others.    1 *Chitty's Pl.* 174.

In *Crosby* v. *Wadsworth*, 6 *East.* 602, it was held that one who contracted with the owner of the close for the purchase of a growing crop of grass to be made into hay by the vendee, had such an exclusive possession of the close, though for a limited purpose, that he could maintain trespass *quare clausum fregit* against any person entering the close and taking the grass, even with the assent of the owner of the soil.

So this action lies for an exclusive right of common for a particular purpose, as in *Wilson* v. *Mackreth, Burrows* 1824, where the plaintiff had no ownership in the soil, but only an exclusive right to dig turf.

In my opinion, therefore, the verdict which was rendered for the plaintiffs on the trial of this cause should not be disturbed.

The CHIEF JUSTICE and Justices SCUDDER and WOOD-HULL concurred.